Damian J. Martinez (SBN # 200159)
LEECH TISHMAN NELSON HARDIMAN, INC.
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *dmartinez@leechtishman.com*

Attorneys for Defendant,
FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD FASTENING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FARADAY & FUTURE INC., <br><br> Defendant. | Case No.: 2:25-cv-11255-WLH-KES <br><br> Hon. Wesley L. Hsu <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> Date Filed: November 24, 2025 <br> Trial Date: None Set |

Defendant Faraday&Future Inc.[1] ("Defendant"), by and through its counsel of record, hereby answers the Complaint of Plaintiff Arnold Fastening Systems, Inc. ("Plaintiff").

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 1.

2. Defendant admits the allegations set forth in paragraph 2.

---

[1] Erroneously sued as Faraday & Future Inc.

## JURISDICTION AND VENUE

3. Defendant admits the allegations set forth in paragraph 3.

4. Defendant admits the allegations set forth in paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 that the parties are citizens of different states, and on that basis denies the allegation. Defendant denies each and every remaining allegation set forth in paragraph 5, including, in particular, that the amount in controversy exceeds $75,000.

6. Defendant admits the allegations set forth in paragraph 6.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

9. Defendant denies each and every allegation in paragraph 9.

10. Defendant denies each and every allegation in paragraph 10. Further, paragraph 10 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 10.

11. At this time, Defendant lacks sufficient facts to admit the allegation and on that basis it denies it.

12. Defendant denies each and every allegation in paragraph 12.

13. Defendant denies each and every allegation in paragraph 13.

14. Defendant denies each and every allegation in paragraph 14.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

15. In response to paragraph 15, Defendant repeats its responses to each allegation in each preceding paragraph and incorporate them by reference in this paragraph.

16. Defendant denies each and every allegation in paragraph 16. Further, paragraph 16 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 16.

17. Defendant denies each and every allegation in paragraph 17. Further, paragraph 17 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 17.

18. Defendant denies each and every allegation in paragraph 18. Further, paragraph 18 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 18.

19. Defendant denies each and every allegation in paragraph 19. Further, paragraph 19 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 19.

20. Defendant denies each and every allegation in paragraph 20.

21. Defendant denies each and every allegation in paragraph 21. Further, paragraph 21 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 21.

## SECOND CLAIM FOR RELIEF

### (Account Stated)

22. In response to paragraph 22, Defendant repeats its responses to each allegation in each preceding paragraph and incorporate them by reference in this paragraph.

23. Defendant denies each and every allegation in paragraph 23. Further, paragraph 23 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 23.

24. Defendant denies each and every allegation in paragraph 24.

25. Defendant admits the allegations in paragraph 25.

26. Defendant denies each and every allegation in paragraph 26.

27. Defendant denies each and every allegation in paragraph 27.

28. Defendant denies each and every allegation in paragraph 28. Further, paragraph 28 asserts conclusions of law rather than factual allegations, and on that basis as well, Defendant denies the allegations set forth in paragraph 28.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

29. In response to paragraph 29, Defendant repeats its responses to each allegation in each preceding paragraph and incorporate them by reference in this paragraph.

30. Defendant denies each and every allegation in paragraph 30.

31. Defendant denies each and every allegation in paragraph 31.

32. Defendant denies each and every allegation in paragraph 32.

33. Defendant denies each and every allegation in paragraph 33.

34. Defendant denies each and every allegation in paragraph 34.

35. Defendant denies each and every allegation in paragraph 35.

### FOURTH CLAIM FOR RELIEF

### (Quantum Valebant)

36. In response to paragraph 36, Defendant repeats its responses to each allegation in each preceding paragraph and incorporate them by reference in this paragraph.

37. Defendant denies each and every allegation in paragraph 37.

38. Defendant denies each and every allegation in paragraph 38.

39. Defendant denies each and every allegation in paragraph 39.

40. Defendant denies each and every allegation in paragraph 40.

41. Defendant denies each and every allegation in paragraph 41.

///

///

## DEFENSES

In setting forth the following separate affirmative defenses, Defendant does not concede that it bears the burden of production, proof, or persuasion as to any of these defenses or admit any of the allegations in the Complaint. In addition, Defendant has not knowingly or intentionally waived any applicable defenses, and reserve the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise. Upon completion of discovery, if the facts warrant, Defendant may withdraw any of these additional defenses as may be appropriate.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Each and every claim in the Complaint fails to state facts sufficient to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Plaintiff's Breach of Contract)

2. Plaintiff breached the contract by refusing Defendant's good-faith offer of payment. As a result of such material breach and other breaches, Defendant is relieved of any obligation to further perform.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitation)

3. Plaintiff's quasi-contractual actions for unjust enrichment and quantum valebant alleged in the Third and Fourth Causes of Action of the Complaint are barred, in whole or in part, by the two-year statute of limitations under Cal. Civ. Proc. Code § 339(1), to the extent that these claims are based on allegations of any missed payment that occurred more than two years prior to the commencement of this action.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

6. Plaintiff's claims are barred, in whole or in part, because Defendant has acted in good faith at all times.

## SEVENTH AFFIRMATIVE DEFENSE

### (All Obligations Performed)

7. Plaintiff's claims are barred in whole or in part because Defendant has substantially performed all obligations it may have allegedly owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Actual Injury)

8. Plaintiff has suffered no actual injury as a result of any acts of Defendant. Therefore, its Complaint must be dismissed.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9. In the event Plaintiff suffered any actual injury, which Defendant denies, the Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

### (De Minimis Damages)

10. Any damages Plaintiff alleged that it has suffered that are not subject to mitigation are de minimis.

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Faraday&Future Inc. prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of its Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded costs incurred in defending this action;

4. That Defendant be awarded any reasonable attorney's fees as permitted by contract or operation of law; and

5. That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED:  December 26, 2025         LEECH TISHMAN NELSON HARDIMAN, INC.

By: *Damian J. Martinez*
   Damian J. Martinez
   Attorneys for Defendant,
   FARADAY&FUTURE INC.

# PROOF OF SERVICE OF DOCUMENT

Case No. 2:25-cv-11255-WLH-KES
*Arnold Fastening Systems, Inc. v. Faraday&Future Inc.*
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to this action. My business address is Leech Tishman Nelson Hardiman, Inc., 1100 Glendon Avenue, 14th Floor, Los Angeles, California 90024.

On December 26, 2025, I served the attached documents described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ **Via Notice of Electronic Filing (NEF):** Pursuant to controlling General Orders and Local Rules, the foregoing documents will be served by the court via NEF and hyperlink to the document. On (date) December 26, 2025, I checked the CM/ECF docket for this district court case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Gary J Lorch** glorch@grsm.com, mcflores@grsm.com, alozano@grsm.com.

☐ **Via Personal Delivery, Overnight Mail, Facsimile Transmission or Email (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling Local Rules, on December 26, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ *(Federal)* – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
/ / /
/ / /

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Matthew J. Mocciaro | December 26, 2025 | /s/ Matthew J. Mocciaro |
|---|---|---|
| Name | Date | Signature |